1  LYNN HUBBARD, III, SBN 69773
   SCOTTLYNN J HUBBARD, IV, SBN 212970
2  **LAW OFFICES OF LYNN HUBBARD**
3  12 Williamsburg Lane
   Chico, CA 95926
4  Telephone: (530) 895-3252
   Facsimile: (530) 894-8244
5
6  Attorneys for Plaintiff
7
8
9              UNITED STATES DISTRICT COURT
10            SOUTHERN DISTRICT OF CALIFORNIA
11
12                              '07CV 2302 IEG (BLM)
13 A. J. OLIVER,                 No.
14       Plaintiff,
15       vs.                     **Plaintiff's Complaint**
16 LONGS DRUG STORES
17 CALIFORNIA, INC. dba LONGS
   DRUGS STORE #055; LONGS
18 DRUG STORE, INC.,
19       Defendants.
20 ─────────────────────────
21
22
23
24
25
26
27
28

*Oliver v. Longs Drugs Store*
**Plaintiff's Complaint**
                    Page 1

FILED

07 DEC -7 PM 3: 45

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                    DEPUTY

ORIGINAL

# I. SUMMARY

1.     This is a civil rights action by plaintiff A. J. Oliver ("Oliver") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Longs Drugs Store #055
880 3rd Avenue
Chula Vista, CA 91911
(hereafter "the Store")

2.     Oliver seeks damages, injunctive and declaratory relief, attorney fees and costs, against Longs Drug Stores California, Inc. dba Longs Drugs Store #055 and Longs Drug Store, Inc. (collectively "Longs Drugs Store") pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

# II. JURISDICTION

3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.     Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.     Oliver's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

# III. VENUE

6.     All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

# IV. PARTIES

7.     Longs Drugs Store owns, operates, or leases the Store, and consists of a person (or persons), firm(s), or corporation(s).

*Oliver v. Longs Drugs Store*
**Plaintiff's Complaint**

8.     Oliver suffered a stroke approximately 13 years ago. The stroke left him paralyzed, speech impaired, and unable to stand or walk. Oliver requires the use of a motorized wheelchair when traveling about in public. Consequently, Oliver is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9.     The Store is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.    Oliver visited the Store and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Oliver, the barriers at the Longs Drugs Store included, but are not limited to, the following:

- All of the signage in the parking lot uses the term "handicapped;"
- The tow away signage is not correct;
- The ramp leading to the sidewalk encroaches into the access aisle causing the slope and cross slope of the aisle to be too steep;
- There is no parking space designated as "van accessible;"
- The ISA painted on the pavement in the accessible parking stalls is not the correct size;
- The access aisles are not outlined in white, nor do they contain the painted words "NO PARKING;"
- The International Symbol of Accessibility ("ISA") at the entrance is not mounted in the correct location, nor at the correct height;
- There is no accessible check stand;
- The restroom requires a key to access;
- The restroom door requires too much force to operate;

*Oliver v. Longs Drugs Store*
*Plaintiff's Complaint*

Page 3

- The restroom door requires twisting and grasping to open;
- The side grab bar is not 12 inches from the back wall;
- The disposable seat cover dispenser is mounted more than 40 inches from the floor;
- The disposable seat cover dispenser is mounted over the back grab bar, causing it to be out of the required reach ranges;
- The toilet tissue dispenser protrudes into the clear floor space needed at the water closet;
- The pipes underneath the lavatory are not completely wrapped to prevent burns;
- The trash receptacle encroaches into the clear floor space needed at the lavatory;
- The controls on the lavatory require twisting and grasping to operate;
- The mirror is mounted more than 40 inches from the floor;
- The operable part of the soap dispenser is mounted more than 40 inches from the floor;
- The lavatory encroaches into the clear floor space needed to access the paper towel dispenser; and,
- The operable part of the paper towel dispenser is mounted more than 40 inches from the floor.

These barriers prevented Oliver from enjoying full and equal access.

11.    Oliver was also deterred from visiting the Store because he knew that the Store's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Store because of the future threats of injury created by these barriers.

*Oliver v. Longs Drugs Store*
**Plaintiff's Complaint**

Page 4

12.    Oliver also encountered barriers at the Store, which violate state and federal law, but were unrelated to his disability. Nothing within this Complaint, however, should be construed as an allegation that Oliver is seeking to remove barriers unrelated to his disability.

13.    Longs Drugs Store knew that these elements and areas of the Store were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.    Moreover, Longs Drugs Store has the financial resources to remove these barriers from the Store (without much difficulty or expense), and make the facility accessible to the physically disabled.  To date, however, Longs Drugs Store refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.    At all relevant times, Longs Drugs Store has possessed and enjoyed sufficient control and authority to modify the subject property to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Longs Drugs Store has not removed such impediments and has not modified the subject property to conform to accessibility standards.    Longs Drugs Store has intentionally maintained the subject property in its current condition and has intentionally refrained from altering the subject property so that it complies with the accessibility standards.

15.    Oliver further alleges that the (continued) presence of barriers at the facility is so obvious as to establish Longs Drugs Store's discriminatory intent.[1]    On information and belief, Oliver avers that evidence of this discriminatory intent includes Longs Drugs Store's refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the facility; conscientious decision to the architectural layout (as it currently exists)

---

[1]    E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6

*Oliver v. Longs Drugs Store*
**Plaintiff's Complaint**

Page 5

1    at the facility; decision not to remove barriers from the facility; and allowance

2    that Longs Drugs Store's property continues to exist in its non-compliant state.

3    Oliver further alleges, on information and belief, that Longs Drugs Store are not

4    in the midst of a remodel, and that the barriers present at the facility is not

5    isolated (or temporary) interruptions in access due to maintenance or repairs.[2]

6                                  VI. FIRST CLAIM

7                        **Americans with Disabilities Act of 1990**

8                    Denial of "Full and Equal" Enjoyment and Use

9        16.    Oliver incorporates the allegations contained in paragraphs 1

10    through 15 for this claim.

11       17.    Title III of the ADA holds as a "general rule" that no individual

12    shall be discriminated against on the basis of disability in the full and equal

13    enjoyment (or use) of goods, services, facilities, privileges, and

14    accommodations offered by any person who owns, operates, or leases a place of

15    public accommodation. 42 U.S.C. § 12182(a).

16       18.    Longs Drugs Store discriminated against Oliver by denying "full

17    and equal enjoyment" and use of the goods, services, facilities, privileges or

18    accommodations of the Store during each visit and each incident of deterrence.

19            Failure to Remove Architectural Barriers in an Existing Facility

20       19.    The ADA specifically prohibits failing to remove architectural

21    barriers, which are structural in nature, in existing facilities where such removal

22    is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).    The term "readily

23    achievable" is defined as "easily accomplishable and able to be carried out

24    without much difficulty or expense." Id. § 12181(9).

25       20.    When an entity can demonstrate that removal of a barrier is not

26    readily achievable, a failure to make goods, services, facilities, or

27

28    ---
      [2]    Id.; 28 C.F.R. § 36.211(b)
      *Oliver v. Longs Drugs Store*
      Plaintiff's Complaint

                                    Page 6

1    accommodations available through alternative methods is also specifically
2    prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

3        21.    Here, Oliver alleges that Longs Drugs Store can easily remove the
4    architectural barriers at the Store without much difficulty or expense, and that
5    Longs Drugs Store violated the ADA by failing to remove those barriers, when
6    it was readily achievable to do so.

7        22.    In the alternative, if it was not "readily achievable" for Longs
8    Drugs Store to remove the Store's barriers, then Longs Drugs Store violated the
9    ADA by failing to make the required services available through alternative
10    methods, which are readily achievable.

11        Failure to Design and Construct an Accessible Facility

12        23.    On information and belief, the Store was designed or constructed
13    (or both) after January 26, 1992—independently triggering access requirements
14    under Title III of the ADA.

15        24.    The ADA also prohibits designing and constructing facilities for
16    first occupancy after January 26, 1993, that aren't readily accessible to, and
17    usable by, individuals with disabilities when it was structurally practicable to do
18    so. 42 U.S.C. § 12183(a)(1).

19        25.    Here, Longs Drugs Store violated the ADA by designing or
20    constructing (or both) the Store in a manner that was not readily accessible to
21    the physically disabled public—including Oliver—when it was structurally
22    practical to do so.[3]

23        Failure to Make an Altered Facility Accessible

24        26.    On information and belief, the Store was modified after January 26,
25    1992, independently triggering access requirements under the ADA.

26

27

28    _____

[3]    Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action
      as a private attorney general under either state or federal statutes.

*Oliver v. Longs Drugs Store*
**Plaintiff's Complaint**

27.    The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).    Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28.    Here, Longs Drugs Store altered the Store in a manner that violated the ADA and was not readily accessible to the physically disabled public— including Oliver—to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

29.    The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30.    Here, Longs Drugs Store violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Store, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.    Oliver seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.    Oliver also seeks a finding from this Court (*i.e.,* declaratory relief) that Longs Drugs Store violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

///

///

///

*Oliver v. Longs Drugs Store*
*Plaintiff's Complaint*

## VII. SECOND CLAIM

### Disabled Persons Act

33.   Oliver incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36.   Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37.   Here, Longs Drugs Store discriminated against the physically disabled public—including Oliver—by denying them full and equal access to the Store. Longs Drugs Store also violated Oliver's rights under the ADA, and, therefore, infringed upon or violated (or both) Oliver's rights under the Disabled Persons Act.

38.   For each offense of the Disabled Persons Act, Oliver seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39.   He also seeks to enjoin Longs Drugs Store from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

*Oliver v. Longs Drugs Store*
*Plaintiff's Complaint*

# VIII. THIRD CLAIM

## Unruh Civil Rights Act

40.    Oliver incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41.    California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42.    California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43.    California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44.    Longs Drugs Store's aforementioned acts and omissions denied the physically disabled public—including Oliver—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45.    These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Oliver by violating the Unruh Act.

46.    Oliver was damaged by Longs Drugs Store's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

47.    Oliver also seeks to enjoin Longs Drugs Store from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

///

///

*Oliver v. Longs Drugs Store*
*Plaintiff's Complaint*

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48.    Oliver incorporates the allegations contained in paragraphs 1 through 13 for this claim.

49.    Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

50.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51.    Oliver alleges the Store is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Store was not exempt under Health and Safety Code § 19956.

52.    Longs Drugs Store's non-compliance with these requirements at the Store aggrieved (or potentially aggrieved) Oliver and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Oliver prays judgment against Longs Drugs Store for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Declaratory relief that Longs Drugs Store violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

*Oliver v. Longs Drugs Store*
*Plaintiff's Complaint*

Page 11

1  4.    Attorneys' fees, litigation expenses, and costs of suit.[4]

2  5.    Interest at the legal rate from the date of the filing of this action.

3

4  DATED: December 6, 2007                LAW OFFICES OF LYNN HUBBARD

5

6  _____

7  LYNN HUBBARD, III
   Attorney for Plaintiff, A.J. Oliver

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4]    This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Oliver v. Longs Drugs Store*
**Plaintiff's Complaint**

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

FILED

07 DEC -7 PM 3:45

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
A.J. OLIVER

## DEFENDANTS
LONGS DRUG STORES CALIFORNIA, INC.; dba LONGS DRUGS STORE #055; LONGS DRUGSTORE CALIFORNIA

**(b)** County of Residence of First Listed Plaintiff  SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICES OF LYNN HUBBARD  (530) 895-3252
12 WILLIAMSBURG LANE CHICO, CA 95926

Attorneys (If Known)

07CV 2302 IEG (BLM)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101, et seq.
Brief description of cause:
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Excess of $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___  DOCKET NUMBER Excess of $75,000

DATE 12/06/2007   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 145289   AMOUNT 350.   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___
12/7/07

```
         UNITED STATES
        DISTRICT COURT
   SOUTHERN DISTRICT OF CALIFORNIA
        SAN DIEGO DIVISION

   #  145289    -  SR
   * * C O P Y * *
  December 07, 2007
       16:04:10


    Civ Fil Non-Pris
USAO #.: 07CV2302 CIV. FIL.
Judge..: IRMA E GONZALEZ
Amount.:              $350.00 CK
Check#.: BC#20521



Total->   $350.00


FROM: OLIVER V. LONGS DRUGS
      CIVIL FILING
```