JOHN L. BARBER, SB# 160317
  E-Mail: barber@lbbslaw.com
MELISSA T. OMANSKY, SB# 227451
  E-Mail: omansky@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Defendant LONGS DRUG STORES CALIFORNIA, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. OLIVER,<br><br>            Plaintiff,<br><br>     v.<br><br>LONGS DRUG STORES CALIFORNIA, INC. dba LONGS DRUGS STORE #55; LONGS DRUG STORE, INC.<br><br>            Defendants. | CASE NO. 07CV 2302IEG (BLM)<br><br>**MOTION TO DECLINE SUPPLEMENTAL JURISDICTION AND TO DISMISS PLAINTIFF'S STATE LAW CLAIMS [28 U.S.C. § 1367(C)]**<br><br>[Filed concurrently with Notice of Motion; Request for Judicial Notice; and [Proposed] Order]<br><br>Date:    February 19, 2008<br>Time:    10:30 a.m.<br>Dept.:   Courtroom 1<br>Judge:  Hon. Irma E. Gonzalez<br><br>ACTION FILED: December 7, 2007 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      Introduction:**

Plaintiff brings the instant motion based on his purported visit to the Longs drug store located at 880 3rd Avenue in Chula Vista, California. Plaintiff alleges that as a result of his visit to the store, he became aware of various physical barriers to accessability, which limit or hinder his access to the store. Plaintiff, therefore, asserts claims pursuant to the Americans With Disabilities Act of 1990 ("ADA") and

three separate California state statues: Unruh Civil Rights Act, California Civil Code §§ 51 et seq. ("Unruh"), the Disabled Persons Act, California Civil Code §§ 54 et seq. ("DPA") and the Health and Safety Code § 19955(a) ("HSC").

Plaintiff, A.J. Oliver ("Plaintiff") seeks statutory damages under all three California state statutes. California and federal courts, however, have irreconcilable differences in interpretation of under what circumstances a plaintiff may recover statutory damages pursuant to California law. California courts require a plaintiff to establish evidence of intentional discrimination to recover statutory damages under Unruh - federal courts do not. Because of this conflicting interpretation of California law, as a matter of comity and to promote justice, this Court should decline to extend supplemental jurisdiction over Plaintiff's state law claims.

## II. Background:

On December 7, 2007, Plaintiff, an allegedly disabled individual, filed his Complaint against Defendant, the operator of a drug store located in Chula Vista, California. See Complaint. The Complaint alleges Plaintiff visited the store on an unspecified date and was discriminated against on the basis of his disability as the result of disabled access barriers which existed at the store. See Complaint ¶ 10, page 3, line 10 through page 4, line 22.

Plaintiff alleges that the discrimination he allegedly suffered gives rise to claims under the ADA for denial of full and equal enjoyment as required by 42 U.S.C. § 12182(a). See Complaint ¶ 18, page 6, line 16. Plaintiff further alleges that this discrimination gives rise to claims for failure to perform readily achievable access barriers removal in violation of 42 U.S.C. § 12183(a) and claims for failure to design and construct an accessible newly constructed facility in violation of 42 U.S.C. § 12183.(a)(1). See Complaint ¶¶ 19-25, page 6, line 20 through page 7 line 22. Plaintiff additionally alleges that failed to make an altered facility accessible in violation of 42 U.S.C. § 12183(a)(2) and failed to modify practices, policies, and procedures to accommodate disabled guests in violation of 42 U.S.C. §

12182(b)(2)(A)(ii). See Complaint ¶¶ 26-30, page 7, line 23 through page 8 line 16. Plaintiff also has alleged these identical claims in numerous other actions against similar retail establishments.

Plaintiff seeks injunctive relief under the ADA and declaratory relief that Defendant violated the ADA. However he may only recover monetary damages pursuant to state statutes. See Complaint, page 11, line 20 through page 12, line 2. Accordingly, Plaintiff advances various claims pursuant to California statute and further seeks monetary damages, attorneys' fees, and litigation costs.

### III. Legal Argument:

#### A. Because of Conflicting Statutory Interpretations, This Court Should Decline to Extend Supplemental Jurisdiction to Plaintiff's State Law Claims and Dismiss the Same – 28 U.S.C. § 1367(c)

Under 28 U.S.C. § 1367(c), the Court may decline supplemental jurisdiction on four (4) separate grounds:

1. The claim raised a novel or complex issue of state law;
2. The claim substantially predominates over the claim or claims which the district court has original jurisdiction;
3. The district court has dismissed all claims over which it has original jurisdiction; or
4. In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Because of recent dissension between the state and federal courts on the interpretation of California disability access statutes, this Court should decline supplemental jurisdiction over and dismiss Plaintiff's state law claims. In Gunther v. Lin, 144 Cal.App.4th 223 (4th Dist. 2006), the California Court of Appeal rejected the Ninth Circuit's holding in Lentini v. California Center for the Arts, Escondido, 370 F.3d 837, 847 (9th Cir. 2004). In doing so, the California Court of Appeal held intentional discrimination was required to obtain statutory damages under Unruh (California Civil Code section 52(a)). Id. at 228-229. This decision was affirmed by the California Supreme court on January 17, 2007, When it denied review and a

1 request to de-publish the opinion. See Request for Judicial Notice,[1] Ex. "A."

2 Federal courts must apply state substantive law. <u>Gasperini v. Center for Humanities, Inc.</u> 518 U.S. 415, 416 (1996). In circumstances involving conflicting interpretations of state law, as a matter of comity and to promote justice between the parties, federal courts should decline supplemental jurisdiction. See <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966). This District has relied on this principle to decline supplemental jurisdiction over state law claims in disabled access cases. See <u>OAM v. Singletary</u>, 406 F.Supp.2d 1120, 1130-1132 (2005 S.D. Cal.); See also <u>Cross v. Pacific Coast Plaza Invest</u>, No. 06CV2543 JM(RBB) (SD Cal. Mar. 6, 2007)[2].

In an identical action, this very Court declined supplemental jurisdiction of the same claims brought by Oliver and his attorney, Lynn Hubbard. Despite his knowledge of the improper nature of bringing his action in federal court, Plaintiff again repeated his forum shopping. <u>Oliver v. GMRI, Inc. dba Red Lobster #0521</u>, No. 07 CV1719 IEG (Wmc)[3]. Additionally, in <u>Cross v. Pacific Coast Plaza Invest.</u>, the plaintiff, Diane Cross represented also by Lynn Hubbard, sued a shopping center and the stores located therein based on disabled access barriers she allegedly encountered. <u>Id</u>. at 1-2. This Court analyzed the federal and state courts' interpretations of California disabled access statutes in both cases and concluded "this court is faced with irreconcilable authorities based on the current status of the law." <u>Id</u>., at 7. It found that <u>Lentini v. California Center for the Arts, Escondido</u>, 370 F.3d 837, 847 (9th Cir. 2004), on the one hand, held that a Plaintiff can recover statutory damages for an unintentional violation of the California Unruh Civil Rights Act; whereas, <u>Gunther v. Lin</u>, 144 Cal.App.4th 223 (4th Dist. 2006), on the other

---

[1] The accompanying Request for Judicial Notice in Support of Motion to Decline Supplemental Jurisdiction and to Dismiss Plaintiff's State Law Claims [28 U.S.C. § 1367(c)] ("Request for Judicial Notice").

[2] See Request for Judicial Notice, Ex. "B."

[3] See Request for Judicial Notice, Ex. "C."

hand, held <u>Lentini</u> was wrongly decided and a finding of intentional discrimination is required for an award of statutory damages. <u>Id</u>. Based on the "tension" between these two (2) decisions, in each case, this Court dismissed the plaintiff's Unruh Act claims, as well as all other state law claims on the basis that they were inextricably intertwined. <u>Id</u>. at 9.

The "tension" between <u>Gunther</u> and <u>Lentini</u> was further compounded by the March 22, 2007 decision of the United States District court for the Eastern District of California in <u>Wilson v. Haria and Gogri Corp.</u>, 2007 WL 851744 (ED Cal. 2007).[4] In <u>Wilson</u>, the Court rejected <u>Gunther</u>, finding <u>Lentini</u> to be more persuasive, and awarded the plaintiff statutory damages in the absence of intentional discrimination. <u>Id</u>. at 7-8. The resulting effect of <u>Wilson</u>, compelling federal courts to decline supplemental jurisdiction over state law disability claims, was recognized by this Court in <u>Cross v. Boston Market Corp.</u>, 07CV486J(LSP (May 29, 2007).[5]

With the state and federal courts' polar-opposite interpretations of the California Unruh Civil Rights Act, in deciding such issues a court subjects the parties to potentially re-litigating the matters if the court wrongly predicts how the law will settle. The Eastern District of California in <u>Wilson v. Haria and Gogri Corp.</u>, 2007 WL 851744 (ED Cal. 2007) predicted the California Supreme Court will ultimately reverse or distinguish <u>Gunther v. Lin</u>, 144 Cal.App.4th 223 (4th Dist. 2006). A federal court, however, must apply state law, and such application is reviewed de novo by the Court of Appeals. See <u>Gasperini v. Center for Humanities, Inc.</u>, 518 U.S. 415, 416 (1996); <u>Salve Regina College v. Russell</u>, 499 U.S. 225, 231 (1991). Thus, if this Court wrongly predicts how the law will settle, the parties may be forced to re-litigate the issues. There is no need for this Court or the parties to unnecessarily expend such resources. This reasoning was recognized by the United

---

[4] <u>See</u> Request for Judicial Notice, Ex. "D."

[5] <u>See</u> Request for Judicial Notice, Ex. "E."

4852-4736-8706.1                                -5-
MOTION FOR THE COURT TO DECLINE SUPPLEMENTAL JURISDICTION OVER AND TO DISMISS
PLAINTIFF'S STATE LAW CLAIMS [28 U.S.C. § 1367(C)]

1  States Supreme Court in United Mine Workers of America V. Gibbs, 383 U.S. 715,
2  726 (1966).
3      Thus, there are irreconcilable interpretations of California state disability
4  access law between the federal and state courts. A California Court of Appeal, as
5  recently upheld by the California Supreme Court, rejected the Ninth Circuit's
6  interpretation of the statutory damage provisions of the Unruh Act in Lentini; the
7  Ninth Circuit and the United States District Court for the Eastern District of
8  California have held otherwise. In order to promote comity and justice, this Court
9  should dismiss all of Plaintiff's state law disability access claims which are
10 inextricably intertwined with one another.

## IV. CONCLUSION:

12     This court should, as it has previously done with similar cases (including an
13 identical case recently brought by Plaintiff Oliver), decline to extend supplemental
14 jurisdiction over Plaintiff's California state law claims. California and federal courts
15 simply do no agree on the interpretation of the statutory damage provisions of the
16 Unruh Act. Accordingly, to promote justice, this Court should again decline
17 to exercise supplemental jurisdiction over such claims and should grant Defendant's
18 motion.

20 DATED: January 7, 2008

JOHN L. BARBER
MELISSA T. OMANSKY
LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
John L. Barber
Melissa T. Omansky
Attorneys for Defendant LONGS DRUG
STORES CALIFORNIA, INC.

**FEDERAL COURT PROOF OF SERVICE**
*Oliver v. GMRI, Inc., et al.* - File No. F023-01

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012.

On January 7, 2008, I served the following document described as **MOTION TO DECLINE SUPPLEMENTAL JURISDICTION AND TO DISMISS PLAINTIFF'S STATE LAW CLAIMS [28 U.S.C. § 1367(C)]** on all interested parties in this action by placing [X] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

Lynn Hubbard, III, Esq.
ScottLynn Hubbard, IV, Esq.
Law Offices of Lynn Hubbard
12 Williamsburg Lane
Chico, California 95926
Tel.:  (530) 895-3252
Fax:  (530) 894-8244

[X]   (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

[ ]   (BY PERSONAL SERVICE) I delivered the foregoing envelope by hand to the offices of the addressee.

[ ]   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[XX] (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 7, 2008, at Los Angeles, California.

_____
Celeste Granger

4852-4736-8706.1

MOTION FOR THE COURT TO DECLINE SUPPLEMENTAL JURISDICTION OVER AND TO DISMISS PLAINTIFF'S STATE LAW CLAIMS [28 U.S.C. § 1367(C)]