JOHN L. BARBER, SB# 160317
  E-Mail: barber@lbbslaw.com
MELISSA T. OMANSKY, SB# 227451
  E-Mail: omansky@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Defendant LONGS DRUG STORES CALIFORNIA, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. OLIVER,<br><br>        Plaintiff,<br><br>    v.<br><br>LONGS DRUG STORES CALIFORNIA, INC. dba LONGS DRUGS STORE #55; LONGS DRUG STORE, INC.<br><br>        Defendants. | CASE NO. 07CV 2302IEG (BLM)<br><br>**DEFENDANT LONGS DRUG STORE CALIFORNIA, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DECLINE SUPPLEMENTAL JURISDICTION AND TO DISMISS PLAINTIFF'S STATE LAW CLAIMS [28 U.S.C. § 1367(C)]**<br><br>Date:    February 19, 2008<br>Time:   10:30 a.m.<br>Dept.:   Courtroom 1<br>Judge:  Hon. Irma E. Gonzalez<br><br>ACTION FILED: December 7, 2007 |

TO THIS HONORABLE COURT, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:

Defendant LONGS DRUG STORES CALIFORNIA, INC. ("Defendant") hereby submits the following Reply Memorandum of Points and Authorities in Support of Defendant's Motion to Decline Supplemental Jurisdiction and to Dismiss Plaintiff's State Law Claims (the "Motion").

///

## I. INTRODUCTION

Plaintiff A.J. OLIVER, ("Plaintiff") concedes the deficiency of his opposition. Nonetheless, instead of withdrawing his supplemental claims, he proffers the identical arguments previously discredited in other recent cases which denied supplemental jurisdiction. The Court should, as it has done previously under the same circumstances, deny jurisdiction of Plaintiff's supplemental state law claims.

In the instant case, Plaintiff furnishes an additional argument that, while his claim pursuant to the Unruh Civil Rights Act ("Unruh") should be dismissed, the Court should retain jurisdiction over the other state claims. This argument is also flawed. The intent of the law vesting courts with the authority to deny supplemental jurisdiction when a disagreement between the federal district and California state courts exists is to promote justice and fairness and to deter forum shopping. Splitting Plaintiff's statutory claims for damages would effect the opposite result and serve no just purpose. Plaintiff merely extends the argument, but fails to set forth any justification for acting on it. Because Plaintiff can only recover minimum statutory damages pursuant to *one* of his state law claims, he cannot split the claims between courts in an effort to secure double recovery.

The facts and law of the instant case are identical to those in the numerous other cases in which courts (including this Court) have granted identical motions and denied supplemental jurisdiction. Accordingly, this Court should again disregard Plaintiff's unmeritorious arguments and as a matter of comity and to promote justice, decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## II. LEGAL ARGUMENT

### A. This Court Should Decline To Extend Supplemental Juridiction To Plaintiff's State Court Claims And Dismiss The Same – 28 U.S.C. § 1367(c)

Plaintiff's Opposition firmly supports Defendant's Motion by demonstrating the inherent conflict between the state and federal courts' position on the damages provision of the Unruh Civil Rights Act. Plaintiff's recitation of Judge Karlton's

ruling in *Wilson v. Haria and Gogri Corp.* 2007 WL 851744 (ED Cal. 2007) and Plaintiff's iteration of why *Gunther v. Lin*, 144 Cal.App.4th 223 (4th Dist. 2006) was improperly decided serves only to highlight the conflict the conflict. While Plaintiff may disagree with the ruling in *Gunther*, that does not change the fact that California courts are bound by *Gunther*. In contrast, the federal courts may not be bound by *Gunther*. *Wilson v, Haria and Gogri Corp.*, 2007 WL 851744, Slip. Opin. at pp. 13-14 (ED Cal. 2007). As noted by Plaintiff, the *Wilson* court expressly rejected *Gunther*. There is undeniably a dissension between California Courts of Appeal and the Ninth Circuit District Courts in the interpretation of the right of a plaintiff to recover minimum statutory damages under Unruh. A perfect demonstration of the dissension is seen in the *Gunther* and *Wilson* cases. The *Gunther* court expressly rejected the Ninth Circuit's holding in *Lentini v. California Center for the Arts, Escondido,* 370 F.3d 837, 847 (9th Cir. 2004), while the *Wilson* Court reinforced it. Thus the California Courts of Appeal and the Ninth Circuit District Courts have two diametrically opposed interpretations of the California Unruh Civil Rights Act. These opposing interpretations necessitate denial of supplemental jurisdiction of Plaintiff's state law claims.

### B. This Court Has Previously Rejected The Arguments Raised in Plaintiff's Opposition And Should Reject Them Again

This Court previously assessed and rejected the arguments raised in Plaintiff's Opposition to this Motion in the matter of *Oliver v. GMRI dba Red Lobster #0521*, No. 07CV1719(WMC) (S.D. Cal. August 30, 2007), as well as the same arguments proffered by Plaintiff's Counsel in *Cross v. Boston Market etc. et al.*, No. 07CV486J(LSP) (S.D. Cal. May 29, 2007). As Plaintiff notes in his Opposition, "Having, therefore, previously 'put his best foot forward' in the form of argument in [the *Oliver v. GMRI, Inc.*] case, Oliver is of course cognizant that he is unlikely to persuade this Court to a different ruling in the instant matter." Plaintiff's Opposition, 2:9-11. There is no reason to prove Plaintiff wrong.

///

### C. Plaintiff's New Argument That The Court Should Retain Jurisdiction Of Some State Law Claims And Not Others Lacks Reason Or Authority

In an effort to throw theories at the wall, Plaintiff suggests that the Court retain jurisdiction of his other state law claims while dismissing the Unruh claim because, "defendant has presented no argument or evidence that these *other* state law claims present 'exceptional circumstances' or 'compelling reasons' to decline jurisdiction." Plaintiff fails to offer any rationale for why splitting the state claims would be beneficial to any party, or would serve the interest of justice. In fact, following Plaintiff's suggestion would only serve to hinder justice, duplicate efforts, and promote forum shopping. The compelling reasons for unifying the state damage claims and dismissing them together are so obvious as to almost not need restating. First, Plaintiff's state claims are inextricably intertwined. The language of the Disabled Persons Act and Unruh Civil Rights Act are almost identical, with only the slightest variations leading to a difference $3,000 in the recoverable damages. Unlike his ADA claim for injunctive relief, his state claims seek identical relief in the form of monetary damages. Plaintiff does not, and can not, proffer any legitimate basis for splitting up the damage claims.

Moreover, Plaintiff's state claims for damages can *not* be litigated separately. As is acknowledged by Plaintiff in his Complaint, were he to be successful, he would only be entitled to statutory damages pursuant to *either* the Disabled Persons Act *or* the Unruh Civil Rights Act, but not both. Cal. Civ. Code §§ 52(a) and 54.3(a), Plaintiff's Complaint, 11:25-26. Dividing up the state damages claims and litigating one in state court and the other in federal court would cause Plaintiff to effectively seek double recovery for the same claimed injury. Accordingly, significant compelling reasons exist to deny supplemental jurisdiction to *all* of Plaintiff's state law claims.

/ / /

/ / /

## III. CONCLUSION

As set forth in detail above, the California state courts and the federal district courts have conflicting interpretations of the California Unruh Civil Rights Act. When such circumstances exist, the district court is vested with the authority to deny supplemental jurisdiction and dismiss the state claims. Because the state claims are inextricably intertwined with one another, and because recovery under the state claims asserted are allowed in the alternative to one another, all state claims must be dismissed together. As this Court has previously done in other recent cases presenting identical issues, this Court should again decline to exercise supplemental jurisdiction and dismiss Plaintiff's state law claims.

DATED: February 8, 2008

JOHN L. BARBER
MELISSA T. OMANSKY
LEWIS BRISBOIS BISGAARD & SMITH LLP

By /s/ John L. Barber
John L. Barber
Melissa T. Omansky
Attorneys for Defendant LONGS DRUG STORES CALIFORNIA, INC.

-5-
DEFENDANT LONGS DRUG STORE CALIFORNIA, INC.'S REPLY TO PLAINTIFF'S OPPN TO MOTION TO DECLINE SUPPL JURISDICTION & DISMISS PLAINTIFF'S STATE CT ACTION

# FEDERAL COURT PROOF OF SERVICE
*Oliver v. GMRI, Inc., et al.* - File No. 21149-150

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012.

On February 8, 2008, I served the following document described as **DEFENDANT LONGS DRUG STORE CALIFORNIA, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DECLINE SUPPLEMENTAL JURISDICTION AND TO DISMISS PLAINTIFF'S STATE LAW CLAIMS [28 U.S.C. § 1367(C)]** on all interested parties in this action by placing [X] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

Lynn Hubbard, III, Esq.
ScottLynn Hubbard, IV, Esq.
Law Offices of Lynn Hubbard
12 Williamsburg Lane
Chico, California 95926
Tel.: (530) 895-3252
Fax: (530) 894-8244

[X] **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

[ ] **(BY PERSONAL SERVICE)** I delivered the foregoing envelope by hand to the offices of the addressee.

[ ] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[XX] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 8, 2008, at Los Angeles, California.

Celeste Granger

4817-3955-8402.1
DEFENDANT LONGS DRUG STORE CALIFORNIA, INC.'S REPLY TO PLAINTIFF'S OPPN TO MOTION TO DECLINE SUPPL JURISDICTION & DISMISS PLAINTIFF'S STATE CT ACTION