# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. OLIVER,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>LONGS DRUG STORES CALIFORNIA, INC. dba LONGS DRUG STORE #055; LONGS DRUG STORE, INC.,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 07CV2302<br><br>**ORDER:**<br><br>**1) GRANTING DEFENDANT'S MOTION TO DECLINE SUPPLEMENTAL JURISDICTION; [Doc. No. 3]**<br><br>**2) DENYING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE; [Doc. No. 9] and**<br><br>**3) DISMISSING PLAINTIFF'S STATE LAW CLAIMS.** |

　　Presently before the Court is Defendant Longs Drug Store California, Inc.'s motion to decline supplemental jurisdiction and dismiss plaintiff's state law claims. (Doc. No. 3.) Defendant has also filed a request for judicial notice in support of the motion. (Doc. No. 9.) Plaintiff has filed an opposition (Doc. No. 16) and defendant has filed a reply (Doc. No. 17). The Court took the matter under submission by order of February 12, 2008 (Doc. No. 18). For the reasons set forth herein, defendant's motion is granted.

## BACKGROUND

　　Plaintiff A.J. Oliver suffered a stroke approximately thirteen years ago which left him paralyzed, speech impaired, and unable to stand or walk. (Complaint ¶ 8.) He is required to use a

motorized wheelchair. (Id.) Plaintiff's claims arise from his visit to the Longs Drug Store ("Store") in Chula Vista, California. Plaintiff alleges defendant denied him full and equal access to the Store by failing to remove numerous barriers in violation of Title III of the Americans with Disabilities Act ("ADA") and Title 24 regulations. (Complaint ¶¶ 10-14.) Plaintiff alleges defendant has intentionally maintained the Store in its current non-compliant condition, and has intentionally refrained from altering the Store so that it complies with the accessibility standards. (Id. ¶¶ 14-15.)

Plaintiff states four claims for relief under Title III of the ADA, the California Disabled Persons Act (Cal. Civil Code §§ 54 & 54.1), the California Unruh Civil Rights Act (Cal. Civil Code §§ 51-52), and California Health and Safety Code § 19953 *et. seq.* Plaintiff seeks injunctive relief, declaratory relief, statutory damages, and attorneys' fees.

Defendant moves to dismiss plaintiff's state law claims. Defendant argues plaintiff's claim under the Unruh Act presents novel and complex issues of state law such that the Court should decline to exercise its supplemental jurisdiction.

DISCUSSION

Legal Standard

"It is a fundamental precept that federal courts are courts of limited jurisdiction." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge the court's subject matter jurisdiction "on the basis that supplemental jurisdiction . . . is improper" according to 28 U.S.C. § 1367. Sparrow v. Mazda Am. Credit, 385 F. Supp. 2d 1063, 1066 (E.D. Cal. 2005). In facial challenges to jurisdiction, such as the challenge made by defendant, the court's inquiry is confined to the allegations in the complaint. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Once a party challenges subject matter jurisdiction, the non-moving party bears the burden of establishing that jurisdiction exists. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 378 (1994).

Analysis

Section 1367(a) of Title 28 grants federal courts supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form

part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). To form part of the same "case or controversy," the state law claims must "derive from a common nucleus of operative fact[s] . . . such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." Id. Here, the Court may exercise supplemental jurisdiction over plaintiff's state law claims because those claims derive from the same "common nucleus of operative fact" as plaintiff's federal ADA claim.

However, in certain circumstances a district court can decline to exercise supplemental jurisdiction under Section 1367. Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1174 (9th Cir. 2002). The district court may decline to exercise supplemental jurisdiction over a state law claim if: 1) the claim raises a novel or complex issue of state law; 2) the state claim substantially predominates over the federal claims; 3) the district court has dismissed all federal claims; or 4) some other exceptional and compelling reason exists to decline jurisdiction. 28 U.S.C. § 1367(c); see, e.g., Sparrow, 385 F. Supp. 2d at 1070-71. In deciding whether to exercise supplemental jurisdiction, the court should consider the interests of judicial economy, convenience, fairness, and comity. City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 173 (1997); Smith v. Lenches, 263 F.3d 972, 977 (9th Cir. 2001). Defendant argues the Court should decline to exercise jurisdiction over plaintiff's state law claims in this case because those claims raise novel or complex issues. Defendant points to the recent dissension between the state and federal courts on the interpretation of California disability access statues, and argues the state court is the appropriate venue to resolve this dispute.

Under Title III of the ADA, a plaintiff must establish discriminatory intent to obtain injunctive relief. Lentini v. Cal. Ctr. for the Arts, 370 F.3d 837, 846-47 (9th Cir. 2004). Pursuant to Section 51(f) of the California Code of Civil Procedure, a violation of the ADA also qualifies as a violation of the Unruh Act. As a result, the Ninth Circuit has held that a plaintiff does not also need to prove discriminatory intent to obtain damages under the Unruh Act. Lentini, 370 F.3d at 847. California courts, however, have held the Unruh Act *does* require proof of intentional discrimination before a plaintiff cannot recover damages. See Harris v. Capital Growth Investors

1  XIV, 42 Cal. 3d 1142, 1175 (1991); see generally Wilson, 493 F. Supp. 2d 1122 (S.D. Cal. 2007)
2  (discussing the history of the Unruh Act and the interpretation of the California courts).  In fact,
3  the California Court of Appeal in Gunther v. Lin, 144 Cal. App. 4th 223, 252-57 (2006) expressly
4  rejected the Ninth Circuit's decision in Lentini and held that it improperly interpreted California
5  law so as to allow recovery of damages under Section 52 of the California Code of Civil Procedure
6  without proof of intentional discrimination.

7       The Court previously faced this conundrum in another case brought by plaintiff.  Oliver v.
8  GMRI, INC., No. 07cv1719 IEG, 2007 WL 4144995 (S.D. Cal. Nov. 19, 2007).  The Court is
9  obligated to follow the Ninth Circuit's decision in Lentini, which allows plaintiffs to recover
10 monetary damages under the Unruh Act without proving discriminatory intent.  Wilson v. Haria &
11 Gogri Corp., 479 F. Supp. 2d 1127, 1135-41 (E.D. Cal. 2007) (finding Lentini controlling and
12 declining to follow Gunther).  However, Gunther plainly holds that a plaintiff seeking damages
13 under Section 52 of the California Code of Civil Procedure must show intentional discrimination.
14 Faced with this conflicting authority, this Court, and others in the Southern District, have
15 concluded it is appropriate to decline supplemental jurisdiction.  See, e.g., Oliver, 2007 WL
16 4144995; Wilson v. PFS, LLC, 493 F. Supp. 2d 1122 (S.D. Cal. 2007); but see Pinnock v. Solana
17 Beach Do It Yourself Dog Wash, Inc., 2007 WL 1989635 (S.D. Cal. July 3, 2007) (finding
18 Gunther decision does not raise a novel or complex issue of state law).

19      Plaintiff argues the Court should nevertheless exercise jurisdiction over plaintiff's state law
20 claims not arising under the Unruh Act, specifically, the claims under the California Disabled
21 Persons Act and the California Health and Safety Code.  This Court has previously declined to
22 exercise jurisdiction over these claims, finding they were "intertwined" with the Unruh Act claim.
23 Oliver, 2007 WL 4144995 at *3.  Plaintiff has not shown its other state law claims are in fact
24 independent of the Unruh Act claim.  Cf. Kokkonen, 511 U.S. at 378.  As defendant notes in reply,
25 plaintiff may only recover damages under one of the state statutes, but not all. (Reply at 4.)
26 Accordingly, considerations of judicial economy, convenience, fairness and comity weigh in favor
27 of declining to exercise supplemental jurisdiction over any of plaintiff's state law claims.  Cf. City
28 of Chicago, 522 U.S. at 173.

1 | Request for Judicial Notice

2 |     Defendant has also filed a request for judicial notice in support of its motion. (Doc. No. 9.)

3 | The Court finds the requested judicial notice unnecessary and therefore denies the request.

4 | CONCLUSION

5 |     For the foregoing reasons, the Court hereby GRANTS defendant's motion to dismiss

6 | plaintiff's state law claims and DENIES defendant's request for judicial notice. Plaintiff's state

7 | law claims are DISMISSED without prejudice to being filed in state court.

9 | **IT IS SO ORDERED.**

11 | **DATED: February 25, 2008**

*[Signature]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**