JOHN L. BARBER, SB# 160317
  E-Mail: barber@lbbslaw.com
MELISSA T. OMANSKY, SB# 227451
  E-Mail: omansky@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Defendant LONGS DRUG STORES CALIFORNIA, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. OLIVER, | CASE NO. 07CV 2302IEG (BLM) |
| Plaintiff, | |
| v. | **DEFENDANT LONGS DRUG STORES CALIFORNIA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| LONGS DRUG STORES CALIFORNIA, INC. dba LONGS DRUGS STORE #55; LONGS DRUG STORE, INC. | |
| Defendants. | |
| | ACTION FILED: December 7, 2007 |

COMES NOW DEFENDANT, LONGS DRUG STORES CALIFORNIA, INC. ("Defendant"), and hereby answers Plaintiff's Complaint ("Complaint") by admitting, denying and alleging as follows:

### I. SUMMARY

1.   In answer to Paragraph 1 of the Complaint, Defendant need not address Plaintiff's summary of the action. To the extent that any averment in Paragraph 1 is deemed to require a response, Defendant denies each and every allegation contained therein.

2.   In answer to Paragraph 2 of the Complaint, Defendant need not address Plaintiff's summary of the action. To the extent that any averment in Paragraph 2 is

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  deemed to require a response, Defendant denies each and every allegation contained

2  therein.

II.  JURISDICTION

3

4  3.  In answer to paragraph 3 of the Complaint, Defendant admits the

5  allegations contained therein.

6  4.  In answer to paragraph 4 of the Complaint, Defendant denies each and

7  every allegation contained therein.  On February 25, 2008 the Court dismissed

8  Plaintiff's state claims for lack of supplemental jurisdiction.

9  5.  In answer to paragraph 5 of the Complaint, Defendant admits the

10  allegations contained therein.

III.  VENUE

11

12  6.  In answer to paragraph 6 of the Complaint, Defendant admits the

13  allegations contained therein.

IV.  PARTIES

14

15  7.  In answer to paragraph 7 of the Complaint, Defendant admits the

16  allegations contained therein.

17  8.  In answer to paragraph 8 of the Complaint, Defendant lacks

18  sufficient knowledge or information on which to form a belief as to the allegations

19  asserted in this paragraph and on that basis, denies each and every allegation

20  contained therein.

V.  FACTS

21

22  9.  In answer to paragraph 9 of the Complaint, Defendant admits the

23  allegations contained therein.

24  10.  In answer to paragraph 10 of the Complaint, Defendant denies each and

25  every allegation contained therein.

26  11.  In answer to paragraph 11 of the Complaint, Defendant denies each and

27  every allegation contained therein.

28  12.  In answer to paragraph 12 of the Complaint, Defendant denies each and

DEFENDANT LONGS DRUG STORES CALIFORNIA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1 every allegation contained therein.

2    13.    In answer to paragraph 13 of Complaint, Defendant denies each and

3 every allegation contained therein.

4    14.    In answer to paragraph 14 of the Complaint, Defendant denies each and

5 every allegation contained therein.

6    15.    In answer to paragraph 15 of the Complaint, Defendant denies each and

7 every allegation contained therein.

8                                VI.  FIRST CLAIM

9                      **Americans with Disabilities Act of 1990**

10                  Denial of "Full and Equal" Enjoyment and Use

11    16.    In answer to paragraph 16 of the Complaint, Defendant reasserts its

12 responses to paragraph 1 through 15 of the Complaint as though set forth fully

13 herein.

14    17.    In answer to paragraph 17 of the Complaint, Defendant states that the

15 referenced statute speaks for itself and, therefore, requires no response.  To the extent

16 that any averment in paragraph 17 is deemed to require a response, Defendant denies

17 each and every allegation contained therein.

18    18.    In answer to paragraph 18 of the Complaint, Defendant denies each and

19 every allegation contained therein

20            Failure to Remove Architectural Barriers in an Existing Facility

21    19.    In answer to paragraph 19 of the Complaint, Defendant states that the

22 referenced statute speaks for itself and, therefore, requires no response.  To the extent

23 that any averment in paragraph is deemed to require a response, Defendant denies

24 each and every allegation contained therein.

25    20.    In answer to paragraph 20 of the Complaint, Defendant states that the

26 referenced statute speaks for itself and, therefore, requires no response.  To the extent

27 that any averment in paragraph is deemed to require a response, Defendant denies

28 each and every allegation contained therein.

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

DEFENDANT LONGS DRUG STORES CALIFORNIA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1      21.    In answer to paragraph 21 of the Complaint, Defendant denies each and

2  every allegation contained therein.

3      22.    In answer to paragraph 22 of the Complaint, Defendant denies each and

4  every allegation contained therein.

5  <u>Failure to Design and Construct an Accessible Facility</u>

6      23.    In answer to paragraph 23 of the Complaint, Defendant denies each and

7  every allegation contained therein.

8      24.    In answer to paragraph 24 of the Complaint, Defendant states that the

9  referenced statute speaks for itself and, therefore, requires no response.  To the extent

10  that any averment in paragraph 24 is deemed to require a response, Defendant denies

11  each and every allegation contained therein.

12      25.    In answer to paragraph 25 of the Complaint, Defendant denies each and

13  every allegation contained therein.

14  <u>Failure to Make an Altered Facility Accessible</u>

15      26.    In answer to paragraph 26 of the Complaint, Defendant denies each and

16  every allegation contained therein.

17      27.    In answer to paragraph 27 of the Complaint, Defendant states that the

18  referenced statute speaks for itself and, therefore, requires no response.  To the extent

19  that any averment in paragraph 27 is deemed to require a response, Defendant denies

20  each and every allegation contained therein.

21      28.    In answer to paragraph 28 of the Complaint, Defendant denies each and

22  every allegation contained therein.

23  <u>Failure to Modify Existing Policies and Procedures</u>

24      29.    In answer to paragraph 29 of the Complaint, Defendant states that

25  referenced statute speaks for itself and, therefore, requires no response.  To the extent

26  that any averment in paragraph 29 is deemed to require a response, Defendant denies

27  each and every allegation contained therein.

28      30.    In answer to paragraph 30 of the Complaint, Defendant denies each and

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  every allegation contained therein.

2      31.     In answer to paragraph 31 of the Complaint, Defendant need not address

3  Plaintiff's prayer for relief.  To the extent that any averment in paragraph 31 is

4  deemed to require a response, Defendant denies each and every allegation contained

5  therein.

6      32.     In answer to paragraph 32 of the Complaint, Defendant need not address

7  Plaintiff's prayer for relief.  To the extent that any averment in paragraph 32 is

8  deemed to require a response, Defendant denies each and every allegation contained

9  therein.

10                          VII.  SECOND CLAIM

11                          **Disabled Person Act**

12     33.     In answer to paragraph 33 of the Complaint, Defendant reasserts its

13  responses to paragraphs 1 through  32 of the Complaint as though set forth fully

14  herein.

15     34.     In answer to paragraph 34 of the Complaint, Defendant states that the

16  referenced statute speaks for itself and, therefore, requires no response.  To the extent

17  that any averment in paragraph 34 is deemed to require a response, Defendant denies

18  each and every allegation contained therein.

19     35.     In answer to paragraph 35 of the Complaint, Defendant states that the

20  referenced statute speaks for itself and, therefore, requires no response.  To the extent

21  that any averment in paragraph 35 is deemed to require a response, Defendant denies

22  each and every allegation contained therein.

23     36.     In answer to paragraph 36 of the Complaint, Defendant states that the

24  referenced statute speaks for itself and, therefore, requires no response.  To the extent

25  that any averment in paragraph 36 is deemed to require a response, Defendant denies

26  each and every allegation contained therein.

27     37.     In answer to paragraph 37 of the Complaint, Defendant denies each and

28  every allegation contained therein.

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

DEFENDANT LONGS DRUG STORES CALIFORNIA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1    38.    In answer to paragraph 38 of the Complaint, Defendant need not address

2  Plaintiff's prayer for relief.  To the extent that any averment in paragraph 38 is

3  deemed to acquire a response, Defendant denies each and every allegation contained

4  therein.

5    39.    In answer to paragraph 39 of the Complaint, Defendant need not address

6  Plaintiff's prayer for relief.  To the extent that any averment in paragraph 39 is

7  deemed to acquire a response, Defendant denies each and every allegation contained

8  therein.

9                              VIII.  THIRD CLAIM

10                          **Unruh Civil Rights Act**

11    40.    In answer to paragraph 40 of the Complaint, Defendant reasserts its

12  responses to paragraphs 1 through 39 of the Complaint as though set forth fully

13  herein.

14    41.    In answer to paragraph 41 of the Complaint, Defendant states that the

15  referenced statute speaks for itself and, therefore, requires no response.  To the extent

16  that any averment in paragraph 41 is deemed to require a response, Defendant denies

17  each and every allegation contained therein.

18    42.    In answer to paragraph 42 of the Complaint, Defendant states that the

19  referenced statute speaks for itself and, therefore, requires no response.  To the extent

20  that any averment in paragraph 42 is deemed to require a response,  Defendant denies

21  each and every allegation contained therein.

22    43.    In answer to paragraph 43 of the Complaint, Defendant states that the

23  referenced statute speaks for itself and, therefore, requires no response.  To the extent

24  that any averment in paragraph 43 is deemed to require a response, Defendant denies

25  each and every allegation contained therein.

26    44.    In answer to paragraph 44 of the Complaint, Defendant denies each and

27  every allegation contained therein.

28    45.    In answer to paragraph 45 of the Complaint, Defendant denies each and

DEFENDANT LONGS DRUG STORES CALIFORNIA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1   every allegation contained therein.

2   46.   In answer to paragraph 46 of the Complaint, Defendant denies each and

3   every allegation contained therein.

4   47.   In answer to paragraph 47 of the Complaint, Defendant need not address

5   plaintiff's prayer for relief. To the extent that any averment in paragraph 47 is

6   deemed to require a response, Defendant denies each and every allegation contained

7   therein.

IX. FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

10   48.   In answer to paragraph 48 of the Complaint, Defendant reasserts its

11   responses to paragraphs 1 through 47 of the Complaint as though set forth fully

12   herein.

13   49.   In answer to paragraph 49 of the Complaint, Defendant states that the

14   referenced statute speaks for itself and, therefore, requires no response. To the extent

15   that any averment in paragraph 49 is deemed to require a response, Defendant denies

16   each and every allegation contained therein.

17   50.   In answer to paragraph 50 of the Complaint, Defendant states that the

18   referenced statute speaks for itself and, therefore, requires no response. To the extent

19   that any averment in paragraph 50 is deemed to require a response, Defendant denies

20   each and every allegation contained therein.

21   51.   In answer to paragraph 51 of the Complaint, Defendant denies each and

22   every allegation contained therein.

23   52.   In answer to paragraph 51 of the Complaint, Defendant denies each and

24   every allegation contained therein.

X. PRAYER FOR RELIEF

26   Defendant need not address Plaintiff's prayer for relief. To the extent that any

27   averment in Plaintiff's prayer is deemed to require a response, Defendant denies each

28   and every allegation contained therein.

DEFENDANT LONGS DRUG STORES CALIFORNIA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

#### (Failure to Comply with Civil Code § 51)

53.     Plaintiff has failed to state a cause of action for violation of the Unruh Civil Rights Act because Plaintiff has failed to comply with *Civil Code* section 51.

### SECOND  SEPARATE AND AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

54.     Plaintiff's Complaint and each and every claim contained therein fails to state facts sufficient to state a claim upon which relief may be granted.

### THIRD  SEPARATE AND AFFIRMATIVE DEFENSE

#### (Breach of Agreement, Covenant or Duty)

55.     Plaintiff's Complaint is barred in its entirety by the fact that Plaintiff breached any agreement, contract, covenant or duty which might be found to exist.

### FOURTH  SEPARATE AND AFFIRMATIVE DEFENSE

#### (Not Subject to *Civil Code* § 51)

56.     Defendant is not subject to the provisions of the Unruh Civil Rights Act, *Civil Code* sections 51, et seq., for the conduct alleged in Plaintiff's complaint.

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

#### (Proximate Cause)

57.     In the event that Defendant is in some manner found legally responsible for damages allegedly sustained by Plaintiff, and such damages were proximately caused or contributed to by Plaintiff and/or third parties, Defendant should be indemnified by Plaintiff and/or such third parties.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

#### (Conduct was Privileged)

58.     Defendant's conduct with regard to the Plaintiff was privileged, justified and in good faith.

DEFENDANT LONGS DRUG STORES CALIFORNIA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Intentional and/or Negligent Conduct)

59.    Defendant alleges that Plaintiff's damages, if any, were caused by Plaintiff's own intentional or negligent acts, thus barring or limiting Plaintiff's right of recovery.

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

60.    Defendant alleges upon information and belief that Plaintiff has failed to act reasonably to mitigate any damages that he has alleged in this action.

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

61.    Defendant is informed and believes and thereon alleges that Plaintiff's claims as contained in the Complaint are barred by the applicable statutes of limitations.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Waiver)

62.    Defendant is informed and believes and thereon alleges that Plaintiff has waived any and all claims that he may have had or has against Defendant arising from the transactions and occurrences contained in the Complaint.

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Estoppel)

63.    Defendant is informed and believes and thereon alleges that Plaintiff is estopped by his own conduct from asserting any and all claims he may have or has against Defendant arising from the transactions and occurrences contained in the Complaint.

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Doctrine of Laches)

64.    Defendant is informed and believes and thereon alleges that Plaintiff's

DEFENDANT LONGS DRUG STORES CALIFORNIA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1    Complaint is barred, in its entirety, by the Doctrine of Laches.

2    ### THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

3    ### (Unclean Hands)

4    65.    Defendant is informed and believes and thereon alleges that Plaintiff's

5    Complaint is barred, in its entirety, by the Doctrine of Unclean Hands.

6    ### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

7    ### (Contributory Negligence)

8    66.    Defendant alleges based upon information and belief that any and all

9    events and happenings, injuries and damages, if any, referred to in said Complaint,

10   were proximately caused and contributed to by the negligence and fault of Plaintiff,

11   in that Plaintiff did not exercise ordinary care in his own behalf at the times and

12   places referred to, and therefore, Plaintiff is completely barred from recovery herein,

13   or in the alternative, under the doctrine of pure comparative negligence and fault,

14   said acts of Plaintiff reduces Plaintiff's right to recovery herein by the amount which

15   such acts contributed to said incidents.

16   ### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

17   ### (Assumption of Risk)

18   67.    Defendant alleges based upon information and belief that Plaintiff freely

19   and voluntarily assumed the risk of injury and damage alleged in this action with full

20   knowledge and appreciation of the magnitude thereof.

21   ### SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

22   ### (Compliance with the ADA)

23   68.    Defendant has had in place at all times, or currently has in place, a plan

24   for compliance with the Americans With Disabilities Act of 1990 ("ADA"); its plan

25   is being continuously implemented; continual progress towards full compliance with

26   the ADA is being made under the Defendant's plan; and the Defendant is in

27   substantial compliance with the ADA.

28   / / /

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (No Reasonable Modifications)

69.    Defendant alleges based upon information and belief that the modifications set forth in Plaintiff's Complaint are not "reasonable modifications" in the policies, practices, or procedures to the extent necessary to afford foods, services, facilities, privileges, advantages, or accommodations to Plaintiff because such modifications would injure the financial operations and/or effectiveness of Defendant's services and facility.  *See* 42 U.S.C. § 12.182(b)(2)(A)(ii)(1994).

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (No Discriminatory Conduct)

70.    Defendant has not engaged in a pattern of discriminatory conduct that violates the Fourteenth Amendment to the United States Constitution.

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Lack of Standing)

71.    Defendant alleges based upon information and belief that Plaintiff lacks standing to assert a claim under the ADA because Plaintiff has not suffered a threatened or actual distinct and palpable injury, there is no causal connection between the injury and Defendant's challenged conduct, and/or there is no substantial likelihood that the relief sought by Plaintiff will prevent or redress the injury.

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

### (Alternative Methods)

72.    Defendant alleges based upon information and belief that they and other third parties (i.e., tenant, landlord, etc.) provide persons with disabilities alternatives to barrier removal by providing access to goods by alternative methods such as customer services and sales assistance.

/ / /

/ / /

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

### (Isolated and/or Temporary Interruptions)

73.    Defendant alleges based upon information and belief that Defendant was privileged and or justified for the alleged conduct, if any, because the alleged barriers were isolated and/or temporary interruptions in service or access due to maintenance and/or repairs.

## TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

### (Consent)

74.    Plaintiff, at all relevant times, gave his consent, express or implied, to the alleged acts, omissions, and/or conduct of Defendant.

## TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

### (Direct Threat to Health and Safety)

75.    Defendant alleges that, to the extent they engaged in any of the conduct alleged in the Complaint, they did so because the Plaintiff poses a direct threat to his health or safety or the health or safety of other individuals at the facility.

## TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Good Faith Belief)

76.    The Complaint is barred, in whole or in part, because any actions taken with respect to Plaintiff were based on honest, reasonable, and good faith beliefs in the facts as known and understood at the time.

## TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Good Cause)

77.    Plaintiff's Complaint, and each and every claim contained therein, is barred, in whole or in part, because Defendant's activities undertaken with respect to Plaintiff, if any, were based upon good cause.

## TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Lack of Basis for Attorneys' Fees/Costs)

78.    Plaintiff's Complaint, and each and every claim set forth therein, fails to

1    set forth facts to constitute a basis for recovery of attorneys' fees and costs.

2    ## TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

3    ### (After-Acquired Evidence)

4    79.    Defendant is informed and believes and thereon alleges that the

5    Complaint is limited or subject to an absolute bar as to recoverable damages based

6    on after-acquired evidence the Defendant has presently and/or may acquire during

7    the course of this litigation.

8    ## TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

9    ### (No Private Right of Action)

10    80.    Plaintiff lacks standing to assert a claim for denial of accessible

11    sanitary facilities in violation of *California Health & Safety Code* §§ 19955 et seq.,

12    because there is no private right of action thereunder. *California Health & Safety*

13    *Code* §19958.5.

14    ## TWENTY-NINTH AFFIRMATIVE DEFENSE

15    ### (No Standing for Barriers Not Affecting Plaintiff's Gender or Disability)

16    81.    Plaintiff lacks standing to seek relief for barriers not affecting his own

17    gender or disability.

18    ## THIRTIETH AFFIRMATIVE DEFENSE

19    ### (Premises Were Not Altered or Modified After the

20    ### Effective Date of Title III of ADA)

21    82.    On information and belief, the premises owned and/or leased by

22    Defendant was not altered or modified after January 26, 1992.  14 U.S.C. § 12183(a);

23    34 Code Fed. Regs. § 36.402.

24    ## THIRTY-FIRST AFFIRMATIVE DEFENSE

25    ### (Failure to Plead with Certainty and Particularity)

26    83.    The allegations of the Complaint, and each purported cause of action

27    contained therein, are not pled with sufficient particularity and are uncertain, vague,

28    ambiguous and unintelligible.

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

DEFENDANT LONGS DRUG STORES CALIFORNIA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Basis For Attorneys' Fees)

84.    Pursuant to *Jerry Doran v. Del Taco, Inc.* 2005 WL 1389270, Plaintiff is not entitled to recover attorneys' fees or costs, as he failed to allow Defendant an opportunity to remediate any barriers alleged to exist at the subject facility.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Discriminatory Conduct)

85.    Defendant has not engaged in a pattern of discriminatory conduct that violates the Fourteenth Amendment to the United States Constitution.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Not readily achievable)

86.    Some or all of the barrier removal proposed by Plaintiff are not readily achievable.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Premises Constructed Prior to Effective Date of Title III of ADA)

87.    On information and belief, the premises owned and/or leased by Defendant was designed and constructed for first occupancy prior to the effective date of Title III of the ADA.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Unintentional Conduct / Violation)

88.    Plaintiff has failed to state a cause of action for violation of the Unruh Civil Rights Act because, to the extent that any violation existed, such violation was unintentional.  This defense is plead in the alternative and does not admit that any violation existed.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Supplemental Jurisdiction Improper)

89.    Supplemental jurisdiction of the state law claims is improper as it is based on new and/or complicated issues of state law.

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Maximum Extent Feasible)

90.     Plaintiff's Complaint, and each and every claim contained therein, is barred, in whole or in part, because Defendant has made the public accommodation at issue accessible to disabled customers to the maximum extent feasible.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Dimensional Tolerances)

91.     Plaintiff's Complaint, and each and every claim contained therein, is barred, in whole or in part, because, to the extent any architectural barriers alleged by Plaintiff exist, such barriers are within permissible state and federal dimensional tolerances.  This defense is plead in the alternative and does not admit that any violation existed.

## FORTIETH AFFIRMATIVE DEFENSE

### (Unknown Defenses)

92.     Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional as yet unstated defenses available.  Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

## PRAYER

WHEREFORE, Defendant prays as follows:

1.     Plaintiff take nothing by the Complaint;

2.     Judgment be rendered in favor of Defendant;

3.     Defendant be awarded costs of suit;

4.     Defendant be awarded its attorneys' fees incurred in the defense of this action; and

5.     Defendant be awarded whatever further relief the Court deems just and proper.

///

4818-7211-3922.1

1

## DEMAND FOR JURY

2     Defendant hereby demands a jury pursuant to FRCP 38(b) on all issues raised

3 in the Complaint of Plaintiff A. J. OLIVER.

4

5 DATED:  August 26, 2008          JOHN L. BARBER

6                                  MELISSA T. OMANSKY
                                   LEWIS BRISBOIS BISGAARD & SMITH LLP

7

8                                  By

9                                     John L. Barber

10                                    Melissa T. Omansky
                                      Attorneys for Defendant LONGS DRUG

11                                    STORES CALIFORNIA, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

# FEDERAL COURT PROOF OF SERVICE
*Oliver v. Longs Drug Stores California, Inc., et al.* - File No. 21149-250

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012.

On August 27, 2008, I served the following document described as **DEFENDANT LONGS DRUG STORES CALIFORNIA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** on all interested parties in this action by placing [X] a true copy   [  ] the original thereof enclosed in sealed envelopes addressed as follows:

Lynn Hubbard, III, Esq.
ScottLynn Hubbard, IV, Esq.
Law Offices of Lynn Hubbard
12 Williamsburg Lane
Chico, California 95926
Tel.:   (530) 895-3252
Fax:   (530) 894-8244

[X]   (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

[  ]   (BY PERSONAL SERVICE) I delivered the foregoing envelope by hand to the offices of the addressee.

[  ]   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[XX]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed August 27, 2008, at Los Angeles, California.


*Rosario B. Corales*
ROSARIO B. CORALES

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800